[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER RE: MOTION #134.10 TO OPEN JUDGMENT
The defendant brought this Motion to Open Judgment, alleging that the parties' marriage had been dissolved on September 8, 1989, and that the complaint stated that there were two children issue of the marriage. Since the entry of judgment, the defendant claims that there is a dispute as to the paternity of the youngest child. The motion alleges that that was confirmed, but the pleadings do not support actual DNA evidence. In their briefs, counsel argue traditional law with respect to the opening of judgments.
This court has ruled that the right of the child to a conclusive determination of paternity supersedes the need for finality of judgments, and the ease with which a confirming test of paternity can now be determined, requires a conclusive finding of paternity. This child has been told that there is doubt as to her paternity. The child has a right to know for sure whether or not the defendant in this case, who she has known as her father, is indeed her father. Her property rights are at interest here, and the ability of the parties to ascertain their CT Page 13461 responsibilities conclusively, so as to further minimize conflict over such a delicate issue, is of primary concern for the long-term well-being of this child. When a debate over paternity occurs post-judgement, and there is evidence of sexual infidelity which creates a doubt as to paternity, it is incumbent upon the parents to use scientific evidence to conclude the debate, and have closure for the family.
The Motion to Open is granted for the purpose of DNA testing, which shall be done at the expense of the defendant. The parties shall report back to the court, Family caseflow, in the Judicial District of Hartford, on December 22, 1998, as to the results of the tests, and the need for any further proceedings.
DRANGINIS, J.